# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:07-cv-491-RJC

| | |
|---|---|
| PAULINE ROWL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SMITH DEBNAM NARRON WYCHE | ) |
| SAINTSING & MYERS, LLP, | ) |
| KIRSCHBAUM NANNEY KEENAN & | ) |
| GRIFFIN PA, MONOGRAM CREDIT | ) |
| CARD BANK OF GEORGIA, IBM | ) |
| COASTAL FEDERAL CREDIT | ) |
| UNION, THOMAS F. MOORE, & RBS | ) |
| CITIZENS, N.A., | ) |
| | ) |
| Defendants. | ) |

This civil action for monetary and equitable relief arises out of injuries allegedly suffered by Plaintiff Pauline Rowl, and her husband Perlie,[1] when Monogram Credit Card Bank of Georgia ("Monogram Bank") and Costal Federal Credit Union ("CFCU") (collectively "the Banks") had their respective law firms, Kirschbaum Nanney and Smith Debnam, file suit against the Rowls in state court to recover unpaid credit card debt. Mecklenburg County Superior Court Judge Thomas Moore, who entered a default judgment for CFCU, is also included in the Complaint as a defendant. Mrs. Rowl has brought this lawsuit specifically under 42 U.S.C. §§ 1983, 1985, and 12101 *et seq.*, alleging that each of the defendants violated her civil rights during the collection actions. Jurisdiction is present. 28 U.S.C. § 1331.

Each of the defendants has moved to dismiss. For the following reasons, the Court finds that

---

[1] Because this action is brought pro se, each plaintiff must sign the complaint and each pleading. Fed. R. Civ. P. 11(a). Although Mr. Rowl is named on the Civil Cover sheet as a plaintiff, he has not signed the Complaint. As a result, Mr. Rowl is dismissed as a plaintiff from this case unless the Complaint is properly amended.

the plaintiff has failed to state a claim against the defendants pursuant to the above-cited causes of action, and therefore dismisses her case. But, for reasons explained herein, the Court will allow the plaintiff to amend her Complaint if she so chooses.

**I. PLAINTIFF'S ALLEGATIONS**[2]

Beginning in 2001, Pauline Rowl was beset by a series of personal family crises. Her husband suffered a debilitating brain injury, and then her parent became ill. As a result of these circumstances, the Rowls fell behind on the amounts owed on the credit cards issued to them by Monogram Bank and CFCU. (Doc. No. 1: Compl. at 4).

Mrs. Rowl informed the Banks of her situation and sought from them some sort of payment plan regarding the past due amounts. The Banks denied her request, and when the Rowls were unable to maintain the monthly payments, Monogram Bank and CFCU "threaten[ed]" and "harass[ed]" the Rowls (by calling and sending demand letters). (Id.). When their demand letters and calls went unanswered, CFCU and Monogram Bank notified their respective counsel, Smith Debnam and Kirschbaum Nanney, who subsequently filed collection actions in the Superior Court of Mecklenburg County to recover the debts owed their clients. (Id. at 4-5).

Once served, the Rowls did not file a responsive pleading within the statutory time limit, nor did they appear in court. (Id.).[3] On September 22, 2003, the Clerk of Court for Mecklenburg County

---

[2] For the sole purpose of ruling on the defendants' motions, the Court accepts as true the plausible facts alleged by plaintiff in her Complaint, drawing all reasonable inferences in favor of the plaintiffs. The Court, however, does not accept as true bald assertions, unwarranted inferences or legal conclusions cast in the form of factual allegations. E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). In addition, the Court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks omitted).

[3] The plaintiff asserts that she and her husband were not properly served (see, e.g., Doc. No. 1: Compl., at 4-5 ("Plaintiffs were taken to court but were not served and were unable to attend due to their . . . lacking knowledge of specific court dates.")), and may have sought to file an appeal before the North Carolina Court of Appeals stating as much (see Doc. No. 7: CFCU's Answer, Exhs. 28-31), although the Court cannot find a record of any such appeal have been filed. In any event, whether the Rowls were properly served is not germane to the Court's findings to its present conclusions of law.

examined the record and entered a default judgment in favor of CFCU for the Rowls to pay the outstanding balance plus attorney's fees. (Doc. No. 7: CFCU's Answer, Exh. 22). Apparently, judgment also was entered against the Rowls at some time to pay the outstanding balance of a credit card to Monogram Bank. On October 15, 2004, the Rowls petitioned the state court, seeking redress from the default judgment obtained by their creditors. Judge Thomas Moore denied their petition. (See id. at Exh. 27).

In November 2007, Mrs. Rowl filed the instant action against the Banks, their respective law firms, and Judge Moore.[4] The basis of her Complaint is that the Banks and their respective counsel violated her "civil, federal constitutional, statutory and regulatory rights" pursuant to 42 U.S.C.A. §§ 1983, 1985, and 12101 *et seq.* when they utilized her husband's illness and financial situation to their advantage, and then subsequently took the Rowls to court fraudulently during the 2003 debt collection actions. (See Doc. No. 1: Compl. at 7-8). Mrs. Rowl alleges that Judge Moore likewise violated her rights when he made "inflammatory remarks," and "threaten[ed] [] to place [the Rowls] behind bars" for seeking relief from the default judgment. (Id. at 5). In addition to monetary relief, Mrs. Rowl asks that the Court "move to vacate the [state court] judgment based upon fraud upon the court." (Id. at 8).

## II. ANALYSIS

### A. Standard of Review

The defendants in this case have each moved to dismiss the plaintiff's case pursuant to Federal Rule of Civil Procedure 12(b)(6). As a general rule, a plaintiff's complaint need only provide a short statement in plain English of the legal claim showing that the pleader is entitled to

---

[4] RBS Citizens, N.A. and some of its subsidiary entities were also served with a summons and copy of the Complaint. (See Doc. No. 14: RBS's Mot. to Dismiss at 2-3). But, as the Complaint is totally devoid of any references to the RBS defendants, the Court dismisses them as defendants.

relief that is also sufficient to provide the defendant with "fair notice" of the claim and its basis. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (internal quotation marks omitted); Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, however, the pleader must show through her allegations that it is plausible, rather than merely speculative, that she is entitled to relief. Twombly, 127 S. Ct. at 1964. A complaint must do more than merely "*avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

### B. The claims against Judge Moore must be dismissed

As initial matter, the Court agrees with Judge Moore that he ought to be dismissed based on the grounds that the plaintiff failed to properly serve him. (See Doc. No. 11: Judge Moore's Motion to Dismiss, at 2-3). But, even if service were not an issue, while the exact nature of the relief the plaintiff seeks is somewhat ambiguous, it is clear that any claim against Judge Moore must be dismissed on other grounds.

First, to the extent that the plaintiff seeks monetary damages from Judge Moore for actions taken in his judicial capacity, those claims are dismissed under the doctrine of absolute judicial immunity. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (holding that judges "are not liable to civil actions for their judicial acts, even when such acts . . . are alleged to have been done maliciously or corruptly").

Second, federal courts have no authority to issue a writ of mandamus to a state judge. See Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970). Accordingly, what the Court construes as the plaintiff's request that the Court order Judge Moore to rescind the default judgment is not actionable.

Third, if the plaintiff is seeking to challenge in this Court determinations that were made in the state court, that is not something the Court can do under the *Rooker-Feldman* abstention doctrine. See Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) (holding that the *Rooker-Feldman* doctrine disallows a federal court from reviewing claims that derive from a state court judgment, "as when success on the federal claim depends upon a determination that the state court wrongly decided the issues before it" (internal quotation marks omitted)).[5]

Finally, any request for a declaratory judgment against Judge Moore concerning the constitutionality of his actions likewise would be unavailing. The Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past. Green v. Mansour, 474 U.S. 64, 71-74 (1985).

### C. The plaintiff's § 1983 claims against the credit card companies and law firms must be dismissed.

The plaintiff's § 1983 claims against the defendant credit card companies and law firms must fail as § 1983 is aimed at state action and state actors, not private entities who hire private legal counsel to bring collection actions. Purely private conduct by private entities will not be regulated by § 1983, unless there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the latter may be fairly treated as that of the State itself." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) (internal quotation marks omitted). This is not the case here, where the private entities were working on their own behalf to bring the collection action. This clearly is not closely aligned with the State, and the private entities cannot be treated and considered

---

[5] Nor may the plaintiff use an ADA violation, or some similar claim, to attack the state court judgment. Indeed, even if the actions taken by the state court were wrongful, as the plaintiff alleges, the order remains in full force and effect until they are reversed or modified by an appropriate state court; the plaintiff cannot use an ADA claim as an end-run to evade the *Rooker-Feldman* doctrine in order to get into federal court.

as the State itself.

### D. The plaintiff's § 1985 claims against the credit card companies and law firms must be dismissed

The plaintiff's § 1985 claims against the law firms and their clients alleging a conspiracy to interfere with civil rights are insufficient as a matter of law. The plaintiff's conspiracy claims are plainly based on the attorney-client relationship between the law firms and their respective banks, and therefore cannot support a claim under § 1985. The attorney-client relationship is immune from conspiracy claims unless the conduct occurs outside the scope of the attorney's representation of a client. See, e.g., Heffernan v. Hunter, 189 F.3d 405, 412-13 (3d Cir. 1999).

### E. Any Claims Pursuant to the Americans with Disability Act must be dismissed

The gist of the plaintiff's allegations is that Monogram Bank and CFCU failed to offer the Rowls a special payment plan (because Mrs. Rowl had to care for her husband, who was ill) and thereafter sought to collect on the debt. Having reviewed the Complaint, the Court finds that the plaintiff makes no allegations whatsoever that the defendants' actions were based on any disabilities or pleads violations of any other legal duties imposed by the Americans with Disabilities Act of 1990, § 2 *et seq.*, 42 U.S.C.A. § 12101 *et seq*. As such, any claims pursuant to the ADA must be dismissed.

### F. Any other remaining claims

While the Rowls' Complaint specifically alleges violations of 42 U.S.C. §§ 1983, 1985, and 12101 *et seq.*, the Court must now determine what other claims, if any, the plaintiff may have raised. As a general rule, a plaintiff's complaint need only provide a short statement in plain (non-legalistic) English of the legal claim. This is especially true in the case of pro se litigants, who cannot be expected to know all of the legal theories on which they might ultimately recover. It is enough that

they allege that they were injured, and that their allegations can conceivably give rise to a viable claim. See Boag v. MacDougall, 454 U.S. 364, 365 (1982). Thus, the failure in a complaint to cite a statute or to cite the correct one does not necessarily affects the merits of a claim. See, e.g., Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc).

In this case, the question is whether the plaintiff has sufficiently, albeit inartfully, pleaded any claims against the Banks other than those already addressed by the Court (specifically, pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.).[6] Because the Court finds that a liberal reading of the Complaint suggests that the plaintiff may have attempted to plead such a claim, this Court will therefore grant leave to amend the Complaint.

**III. Conclusion and Order**

For the foregoing reasons, **IT IS, THEREFORE, ORDERED** that Defendants' Motions to Dismiss (Doc. Nos. 7, 10, 14, 26, 29) be **GRANTED** and Plaintiffs' Motions for Summary Judgments and Injunctive Relief (Doc. Nos. 8, 20, 21, 35, 36, 37) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff has until February 20, 2009 to amend this Complaint.

Signed: January 23, 2009

Robert J. Conrad, Jr.
Chief United States District Judge

---

[6] Indeed, in her "appeal" of Judge Moore's order and judgment, Mrs. Rowl specifically cites the Fair Debt Collection Practices Act. (See Doc. No. 7: CFCU's Answer, Exh. 28-31).